**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10938
Conference Calendar

DENISE HUNTER; DONALD HUNTER

Plaintiffs-Appellants

v.

LILY MARTINEZ; JUAN MARTINEZ; COUNTRYWIDE HOME LOAN INC;
DAN BARNETT; VISION ADS INC, doing business as Red Horse Reality; EVA
SPERA, C/O Federal Title

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-893

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Denise and Donald Hunter appeal the district court's dismissal of their pro
se "mortgage fraud complaint" for lack of subject matter jurisdiction pursuant
to FED. R. CIV. P. 12(b)(1). The district court found that the Hunters' reliance on
two federal criminal statutes as a premise for federal question jurisdiction over

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

their civil lawsuit was without merit as the statutes in question, 18 U.S.C. §§ 1001 and 1002, did not provide for a personal cause of action.

On appeal, the Hunters argue the merits of their civil suit and contend that their complaint stated a claim upon which relief could be granted. The Hunters also state that the defendants' actions rose to the level of an "organized mortgage fraud crime," but the Hunters wholly fail to address the district court's finding that there was no subject matter jurisdiction in the federal court for their complaint because the federal criminal statutes in question did not provide for a personal cause of action.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). The Hunters have abandoned any challenge to the district court's dismissal of their complaint on jurisdictional grounds. *See Brinkmann*, 813 F.2d at 748. Consequently, the appeal lacks any issue of arguable merit, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.